# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2368

_____

| | | |
|---|---|---|
| C.J. Stewart, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Thomas Baker, Physician; Katherine | * | Western District of Missouri. |
| Nolting; Leon Vickers; Dr. Rex | * | |
| Hardman; J. Cofield; E. Conley; | * | [UNPUBLISHED] |
| Jane/John Does, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 6, 2010
Filed: January 12, 2010

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate C.J. Stewart appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action. After careful de novo review, we conclude that dismissal was proper for failure to state a claim. See McAdams v. McCord, 584 F.3d 1111, 1113

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

(8th Cir. 2009) (standard of review); Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm dismissal on any basis supported by record). As to the claim against Thomas Baker, Stewart failed to allege sufficient facts to show that Dr. Baker acted with deliberate indifference to his serious medical needs. See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (prison's medical staff violates Eighth Amendment if they commit acts or omissions sufficiently harmful to evidence deliberate indifference to inmate's serious medical needs; inmate's mere difference of opinion over matters of expert medical judgment fails to rise to level of constitutional violation under § 1983); Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (inmates have no constitutional right to particular course of treatment; prison doctors remain free to exercise their independent medical judgment). As to all other defendants, Stewart did not allege that defendants were personally involved in or had direct responsibility for the alleged deliberate indifference. See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (respondeat superior is not basis for liability under § 1983; general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability).

Accordingly, we affirm the judgment.

_____